NOT DESIGNATED FOR PUBLICATION

No. 114,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOLLY E. HAID,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed August 19, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 6820 (g) and (h)

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Holly E. Haid appeals from the district court's revocation of her probation and imposition of her underlying sentence. We granted Haid's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State agrees summary disposition of Haid's appeal is appropriate.

On October 16, 2014, Haid pleaded no contest to one count of forgery, a level 8 nonperson felony. Subsequently, Haid was sentenced to 10 months' imprisonment. However, the district court suspended the sentence and imposed 18 months of supervised probation.

1

On May 21, 2015, during a show cause hearing requesting revocation of her probation, Haid admitted to violating her probation by failing to report and failing to advise of her current address. The district court noted Haid committed no new offenses, nor did she assert a reason for failing to report, such as chemical dependency. The district court then revoked her probation finding reinstatement of her probation or other sanctions would not serve the welfare of the offender. Haid does not challenge the sufficiency of the district court's finding that other sanctions would not serve the offender's welfare.

On appeal, Haid contends the district court erred in revoking her probation and by ordering her to serve the original sentence.

Once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Haid bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Haid stipulated to two probation violations and points to no errors of law or fact in the district court's decision to revoke probation. The district court's decision was not arbitrary, fanciful, or unreasonable. The district court noted a pattern of probation violations for failing to report for supervision and that Haid provided no reason for her failure to comply with the conditions of her probation. The district court found, pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(4), "the welfare of the offender will not be served by such sanction," and ordered her original sentence be served less credit for any time served. Therefore, the district court did not abuse its discretion by revoking Haid's probation and ordering her to serve her original sentence.

Affirmed.